## WRIGHT *vs.* CHARLES.

At the election held in June, 1868, under the Ordinance of March 7, 1868, M was elected Clerk of the Court of Common Pleas of Darlington County. He failed to qualify, and under an order of the Governor, authorized by an Act of March 23, 1869, an election for Clerk was held in May, 1869, and C was elected. He received a commission "to continue of force for four years," and in July, 1869, he qualified and entered into possession of the office. At the general election in October, 1872, W was elected to the office, and in November of the same year he received a commission "to continue in force for four years," and duly qualified as Clerk: *Held*, That C was entitled, under the Constitution, to hold the office "for the term of four years" from the time of his election in 1869.

A Clerk of the Court of Common Pleas holds his office, under the Constitution, "for the term of four years;" and this whether he was elected because his predecessor's term had expired, or because the person elected had failed to qualify, or because of a vacancy caused by the death or resignation of the incumbent, or by any other cause.

Application by Jonathan Wright, plaintiff, against William E. Charles, defendant, to the Supreme Court, in a case agreed upon in a controversy submitted without action.

The facts are stated in the judgment of the Court.

*Edwards* and *Dargan,* for plaintiff:

*First.* The constitutional term of the office of Clerk is a fixed and unshifting period, and "the term will continue though the office may be vacant."—Constitution 1868, Article IV, §27, compared with §§2, 13, 19, 20, 21, etc.; 2 Black Com., 143, (refer to *Hays* vs. *Harllee,* 1 Mill, 267 ; *State* vs. *Lyles,* 1 McC., 238 ; *State* vs. *Hutson,* 1 McC., 240 ; *State* vs. *McClinton,* 246 ;) *Reister* vs. *Hemphill,* 2 S. C., 335.

*Second.* If the term of office be unshifting the Legislature may provide for the filling of vacancies for the unexpired term in which a vacancy occurs, where the Constitution makes no such express provision.—*Reister* vs. *Hemphill,* 2 S. C., 335.

*Third.* But the constitutional provision for the filling up of the unexpired term of the Clerk may be fairly implied from the connection in which the provision for the office is found, if not expressly continued in the 11th Section of the 4th Article of the Constitution.—*State* vs. *Hutson,* 1 McC., 240; Constitution of 1790, Article III, §1 ; *Brunson* vs. *Hunter,* Chev., 290 ; Const. Amdt., 1828, §4.

*Fourth.* The fourth Article of the Constitution of 1868 has received legislative construction to this effect; and the Legislature has provided for the filling of vacancies (in the office of Clerk, as in other County offices,) which, in constitutional and legislative parlance, means for the unexpired term.—Act 1869, No. 161, §1, 14 Stat., 242; Act 1870, No. 235, 14 Stat., 338, and No. 265, 14 Stat., 374 ; No. 284, §38, 14 Stat., 397 ; Constitution 1868, Article II, §29, and Article IV, §11.

*Fifth.* Charles was elected to fill the unexpired term of Moss, whose term commenced the 3d day of June, 1868, and terminated 3d June, 1872, or as soon thereafter as his successor (Wright) was elected and qualified. Ordinance of 7th March, 1868, published with Const., §7, p. 40 ; Const., Article IV, §27 ; Act 1869, No 161, 14 Stat., 242; Act 1868, No. 6, §2, 14 Stat., 11 ; Act 1868, No. 24,

14 Stat., 69; Act 1870, No. 234, 14 Stat., 338; Const., Article II, §11; Article XIV, §10.

*Sixth.* If not elected to fill the unexpired term of Moss, Charles was never legally elected to the office of Clerk, and holds no term. Act 1869, No. 161, 14 Stat., 242; Act 1870, No. 234, 14 Stat., 338.

*Seventh.* But, even if Charles was legally elected for the term of four years, on the 25th of May, 1869, his term necessarily expires on the 25th of May, 1873.—Const., Article IV, §27; Ordinance 7th March, 1868, §7; Act 1868, No. 6, §2, 14 Stat., 10.

*Spain,* for defendant :

1. The Constitution of 1868 did not originate Courts or their subordinate officers. It distributed judicial powers and regulated the mode by which the persons, judicial and ministerial, in connection with the administration of justice, were to be ascertained. Constitution, 1868, passim ; Potter's Dwarris, 340.

2. The Courts of Common Pleas are ancient and superior Courts, entrusted, by the common law, with the administration of justice, and, as an incident, have the power to appoint their Clerks to assist in the administration of justice—saving the right of the people to constitute and regulate Courts and their officers at pleasure.—Potter's Dwarris, 340 ; Cooley's Con. Lim., 21 ; *Harding* vs. *Pollock,* 19 Eng. Com. Law Rep., 21.

3. Then, if the common law allows ancient and Superior Courts to appoint their Clerks, the same common law principle applies to *new* Courts and *newly* elected officers, subject to the same saving as before stated.—*Harding* vs. *Pollock, Ib.*

4. Whether the Courts of Common Pleas in South Carolina are ancient or new, the office of Clerk is appurtenant ; and, though a public office, it is not political—it is ministerial.—*Ib.* Jacob's Law Dic., " Office."

5. In South Carolina the sovereign will has regulated the mode of appointment (election rather) to the office of Clerk, and constituted the term.—Constitution 1868, Article IV, Section 27.

6. *The term of office* of the Clerk is the creature of the Constitution, and is " four years, and until a *successor* shall be *elected and qualified.*"—*Ib.*

7. *The Clerk,* in each County, is the creature of the electors thereof.—*Ib.*

8. The Clerk of the Court of Common Pleas is *ex officio* Clerk of General Sessions in each County; the latter is, *sub modo*, an incident to the former office. Herein is a change of the common law.—*Ib.*

9. Although the term of office of the Clerk of Court was prescribed by the Constitution, (*supra*,) yet the first elections for Clerks were not under any provision thereof, as to time, but by virtue of an Ordinance of the Convention.—*See* Ordinance March 7th, 1868, (14 Stat., 31.)

10. Moss' election did not fill the office; his failure to qualify in the time limited wrought a forfeiture of his right to the office. Then *the office* was vacant; not a *term* of office. Nothing but *actual incumbency* can make a person a legal officer; he must file his bond *and* take the oath of office. He must be not *electus* merely, but *perfectus* also.—Act No. 5, 14 Stat., 4; Act No. 25, *ib.*, 69; Con., Art. II, Sec. 30; *The Auditors of Wayne County* vs. *Benoit*, 20 Mich., 176; *The King* vs. *Swyer*, 21 Eng. C. L. R., 209.

11. The office of Clerk of Court for Darlington, and it may be elsewhere, being vacant, an Act No. 161, 14 St., 242, was passed "to fill certain vacancies in County offices." The office being vacant, and the Constitution being silent as to the *time* it should be *first* filled, but commanding an election by the electors of the County as the mode, the General Assembly rightfully exercised "the Legislative power" as to the time, and properly followed the fundamental mode.—Con. 1868, Art. II, Sec. 1; *Reister* vs. *Hemphill*, 2 S. C., 325; *The People* vs. *Draper*, 15 N. Y. R., 543.

12. The electors of a County cannot elect a Clerk of Court for a term short of four years. Whether the election be because of a vacant office, or a vacancy in term of office, they cannot elect a *locum tenens* or deputy.—*Reister* vs. *Hemphill, ib.; State* vs. *Jeter*, 1 McC., 233; *State* vs. *Lyles, ib.*, 238; *State* vs. *McClintock, ib.*, 245.

13. Charles having been elected by the electors of Darlington, under a valid law, having qualified, been commissioned, and entered upon the performance of the duties of the office, its duration is assured to him by the Constitution for the full period of four years from date of his qualification, subject to be terminated only by death, resignation, incapacity, misconduct, or neglect of duty. The three latter causes cannot be *legislatively* determined, but only by some mode of trial prescribed.—Constitution 1868, Art. II, Sec. 31; *The Commonwealth* vs. *Gamble*, 62 Pa., 343.

April 8, 1873. The opinion of the Court was delivered by

MOSES, C. J.   The controversy in this case is to abide the decision of the law upon the following agreed facts:

One Moss, in June, 1868, by virtue of an Ordinance of the Convention of 7th March, 1868, (14 Stat., 31,) providing " for the ratification of the Constitution and for the election of certain officers," was elected Clerk of the Court of Common Pleas for the County of Darlington, but did not qualify.

On the 25th May, 1869, at an election held by virtue of the order of the Governor, authorized by the Act of March 23d, 1869, entitled " An Act to provide for an election to fill certain vacancies in County offices," (14 Stat., 242,) William E. Charles was elected by the electors of the said County to the same office, was commissioned on the 1st of July, 1869, " the commission to continue in force for four years," and on the 6th day of July of same year he qualified and entered into possession of the office and on the performance of its duties.   At the general election in October, 1872, Jonathan Wright was elected to the office; on 26th November following was commissioned by the Governor, the commission bearing the words " to continue in force for four years," and qualified on 28th of the same month.   He demanded possession of the office, which was refused, and the single question before us is whether, on the demand, Charles should have yielded such possession.

The 27th Section of the 4th Article of the Constitution provides for the election in each County by the electors thereof of one Clerk for the Court of Common Pleas, " who shall hold his office for the term of four years, and until his successor shall be elected and qualified."   The term of the office, as well as the manner of the election, are fixed by the Constitution.   No provision was made either as to the time when the Clerk was to be elected, nor was authority given for an election to supply a vacancy arising from resignation, death, or any other cause.   A temporary Clerk might be appointed by the presiding Judge, but the Clerk, holding as a constitutional officer, by virtue of the said Article, must be elected by the electors of the County.   The Legislature, therefore, by Act of March 23, 1869, before referred to, " authorized the Governor, in thirty days after its passage, to order an election for the purpose of filling each and every vacancy in the various Counties throughout the State, which has occurred by reason of death, resignation or inability to serve, or from any other cause."   It was under an

election, held by force of this Act, that Charles was elected. The time for the next and every succeeding general election of County officers was fixed by the Act approved February 14, 1870, (14 Stat., 338.)

The term of office being fixed by the Constitution, the party holding it by election is entitled to "all the rights, powers and incidents" which belong or pertain to it, and by what course of reasoning the duration of the term is not to be included among them it is difficult to perceive. The person elected to fill a vacancy does not succeed to the unexpired portion of the term of his predecessor, but holds by a determinate tenure prescribed by the Consti- tution. The vacancy exists in the office, the term is the duration of it, not dependent on the death or resignation of the person hold- ing it, but on the law. No matter how the office becomes vacant, the party elected to succeed to it is not, in as the mere *locum tenens* only supplying the term of the person who last preceded him. If the Legislature had, by express enactment, declared that one elected to fill the unexpired term of the office of Clerk, made vacant by any cause, should only hold for such term, it would have been inoperative and void, for, as was said by Mr. Justice Wright, in the opinion of the Court in *Reister* vs. *Hemphill*, 2 S. C., 335, "where the organic law fixes the term of office, it is not in the power of the Legislature, by an Act, to change that term."

The argument for the plaintiff appears to rest upon the proposi- tion "that the constitutional term of the office of Clerk is a fixed and unshifting period." It certainly is fixed by the Constitution, but if it is meant by unshifting that it cannot vary as to its beginning and ending, the very fact that the Constitution extends it "until his successor shall be elected and qualified," proves its fallacy. The question is not as to the mode of filling the vacancy, but the tenure by which the party elected shall hold the office. No distinction is made by the Constitution between the election held by reason of a vacancy occurring by resignation or death, and the absence of such a difference in a matter which must have been in the minds of the framers of the Constitution goes far to sustain the construction con- tended for by the defendant. In fact, every election is to supply a vacancy, no matter how arising.

If the language of the Constitution must be held to apply to the election of a Clerk to fill a term made vacant by the death or resig- nation of an incumbent, it applies with increased force to an elec-

tion made necessary by the non-acceptance of the person previously elected. Moss never held the office of Clerk, no portion of his term could remain to be filled, for it had never begun by his entrance upon it. The Clerk who preceded him continued to exercise the office until some one should be elected and qualify according to law.

Our own reports are not without authority, which may be said to be conclusive of the question. In the *State* vs. *Hutson*, 1 McC., 240, it was held that Ordinaries, under the Constitution of 1790, were judicial officers, holding during good behavior.

The Governor, under the Act of 1815, appointed to a vacancy in the office of Ordinary. It was *held* that although the Act only authorizes him to make a temporary appointment until an election should take place, yet his appointee, being in office as Ordinary, was in under the Constitution, and could hold during good behavior. The same principle governed the decisions in the cases of *Jeter* ads. *The State*, *The State* vs. *Lyles*, *The State* vs. *McClintock*, all in the same book, and was recognized in *Brunson* vs. *Hunter*, Chev., 290.

The authorities in New York are identical with our own. Where, by the Constitution of that State, Sheriffs, Clerks of Counties, &c., are to be chosen once in *every* three years, and as often as vacancies shall happen, it was held in *The People* vs. *Green*, 2 Wend., 266, that " a Sheriff elected in September, 1826, to supply a vacancy occasioned by the death of his predecessor, who took his office on the 1st of January, 1826, holds it for three years ; and an election of another person in November, 1828, under an impression that the term of the former expired in January, 1829, is void."

To the same effect is *The People* vs. *Constant*, 11 Wend., 133.

The question submitted to the Court is answered in the negative, and it is therefore ordered that judgment be rendered in favor of William E. Charles, the defendant.

*Wright*, A. J., and *Willard*, A. J., concurred.